<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX</td></tr>
<tr>
<td>DANNY CANDELARIO-TIRU; DANIEL CANDELARIO-ANTONETTI; IVETTE TIRU-HERNÁNDEZ<br><br>Recurridos<br><br>v.<br><br>MUNICPIO DE GUÁNICA; FULANO DE TAL Y SUTANA DE TAL; COMPAÑÍA DE SEGURO ABC<br><br>Peticionario</td>
<td>KLCE202301392</td>
<td>*CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PO2019CV01229<br><br><br>Sobre: DAÑOS Y PERJUICIOS</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2024.

Comparece ante *nos*, el Municipio de Guánica (el Municipio o el peticionario) y nos solicita que revisemos y revoquemos la *Resolución* interlocutoria emitida el 18 de octubre de 2023 por el Tribunal de Primera Instancia, Sala de Ponce (TPI o foro primario), notificada el 25 de octubre de 2023. Mediante dicho dictamen, el foro primario declaró Ha Lugar la *Moción de Sentencia Sumaria Parcial Interlocutotria* presentada por Danny Candelario-Tiru (señor Candelario-Tiru), Daniel Candelario-Antonetti (señor Candelario-Antonetti) e Ivette Tiru-Hernández (señora Tiru-Hernández), (en conjunto, los recurridos), e hizo una determinación interlocutoria sumaria de negligencia de los empleados del Municipio, así como de su responsabilidad vicaria. De igual forma, en dicha *Resolución* recurrida el foro primario declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria Desestimatoria* presentada por el Municipio.

Número Identificador

SEN2024 _____

Por los fundamentos que expondremos a continuación, expedimos el auto de *Certiorari* solicitado por el Municipio; revocamos la Resolución recurrida, en lo referente a la determinación sumaria de negligencia de los empleados del Municipio y confirmamos aquellos extremos de Resolución recurrida en los que el foro primario declaró No Ha Lugar la *Solicitud de Sentencia Sumaria Desestimatoria* presentada por el Municipio.

**I.**

Según surge del expediente ante *nos*, el 10 de abril de 2019, los recurridos presentaron *Demanda* en daños y perjuicios en contra del Municipio y otros demandados de nombre desconocido. A grandes rasgos, los recurridos alegaron que el 10 de abril de 2018, empleados del Municipio cortaron un árbol en la parte superior del terreno de la residencia de los recurridos, dejando en el lugar el tronco y las ramas de este. Sostuvieron que, a la mañana siguiente mientras el señor Candelario-Tiru se encontraba en el patio de su residencia, el tronco del árbol que había sido cortado por los empleados del Municipio se deslizó cayendo sobre su persona. Así pues, arguyeron que el Municipio fue negligente al no tomar las medidas necesarias para evitar su ocurrencia; por lo cual, reclamaron una compensación por los daños sufridos como consecuencia del accidente.

Posteriormente, el 3 de julio de 2019, el Municipio presentó una *Contestación a Demanda*. En la misma, negó responsabilidad por los daños reclamados por la parte recurrida. El 13 de septiembre de 2019, el TPI emitió una *Sentencia Parcial* mediante la cual desestimó la *Demanda*, sin perjuicio, contra los demandados de nombre desconocido. Así las cosas, el 28 de octubre de 2021, los recurridos presentaron una *Demanda Enmendada*. En esta, solo incluyeron como demandados al Municipio. Consecuentemente, el

13 de diciembre de 2021, la parte peticionaria presentó una *Contestación a Demanda Enmendada.*

Luego de varios incidentes procesales, el 29 de abril de 2023, los recurridos presentaron una *Moción de Sentencia Sumaria Parcial Interlocutoria.* En síntesis, los recurridos solicitaron al TPI que dictara sentencia sumaria parcial en cuanto a la negligencia desplegada por los empleados del Municipio, por no existir hechos materiales en controversia sobre esos extremos. Acentuaron, además, que a base de los hechos materiales que no están en controversia, el Municipio incurrió en responsabilidad vicaria por los actos y/u omisiones de sus empleados.

En vista de ello, el 9 de junio de 2023, el Municipio presentó una *Oposición a Moción de Sentencia Sumaria Parcial Interlocutoria de la Parte Demandante y Solicitud de Sentencia Sumaria Desestimatoria de la parte Demandada[…].* En apretada síntesis, el Municipio se opuso a la solicitud de sentencia sumaria presentada por los recurridos. Alegó que, no tiene responsabilidad alguna por los actos y/u omisiones de un tercero ajeno; que tampoco existe responsabilidad del Municipio ante la ausencia de actuaciones y/u omisiones negligentes de sus empleados; que al momento de los hechos no había en el lugar personal alguno del Municipio; que ocurrió una causa interventora por la cual no responde el Municipio y solicitó la desestimación sumaria de la Demanda presentada en su contra por los recurridos.

El 23 de junio de 2023, los recurridos presentaron una *Réplica Enmendada a Oposición a Moción de Sentencia Sumaria Parcial Interlocutoria […].* Allí advirtieron que el Municipio no controvirtió efectivamente los hechos alegados como incontrovertidos en la *Moción de Sentencia Sumaria Parcial Interlocutoria.*

Acto seguido, el 18 de octubre de 2023, el TPI emitió una *Resolución*, interlocutoria, notificada el 25 de octubre de 2023, mediante la cual declaró *Ha Lugar* la *Moción de Sentencia Sumaria Parcial Interlocutoria* presentada por los recurridos y decretó la negligencia de los empleados del Municipio y, por ende, su responsabilidad vicaria. Además, mediante la referida *Resolución* el foro primario declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria Desestimatoria* presentada por el Municipio.

Inconforme, el 7 de noviembre de 2023, el Municipio presentó una *Moción de Reconsideración.*[1] Ese mismo día, el foro de instancia emitió una *Resolución* mediante la cual denegó la solicitud de reconsideración. Dicha *Resolución* fue notificada el 10 de noviembre de 2023.

Insatisfecho aun, el 8 de diciembre de 2023, el Municipio presentó una *Petición de Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

> **PRIMER ERROR**
> **Erró el TPI al decretar la negligencia de los empleados del Municipio.**
>
> **SEGUNDO ERROR**
> **Erró el TPI al denegar la solicitud de desestimación del Municipio ante la ausencia de acción u omisión negligente de empleado alguno de esta, por haber un relevo de responsabilidad y/o por causa interventora.**

El 21 de diciembre de 2023, los recurridos presentaron *Alegato de la parte Recurrida*. En ajustada síntesis, sostienen que no incidió el foro primario al adjudicar sumariamente la negligencia de los empleados del Municipio mediante la Resolución interlocutoria recurrida. Razonan los recurridos que las conclusiones de derecho están sustentadas por treinta y dos (32) determinaciones de hechos incontrovertidos y que el planteamiento

---

[1] Mientras, el 8 de noviembre de 2023, la parte recurrida presentó una *Breve Oposición a Moción de Reconsideración*.

de causa interventora levantado por el Municipio no se sostiene. Argumentan, además, que el Municipio como parte demandada no queda relevado de responsabilidad por una causa interventora que pudo ser prevista ni por una que sea un incidente normal del riesgo creado.

Con el beneficio de la comparecencia de todas las partes procedemos a resolver.

**II**

A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-

487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

B.

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, 2023 TSPR 80, 212 DPR __ (2023). Dicho mecanismo procesal es utilizado

en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. Íd. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021).

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Municipio de San Juan*, 2023 TSPR 95, 212 DPR ___ (2023). Véase, además, *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*. Véase, además, *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, *supra*; *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a

ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*.

Nuestro máximo Foro ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra.* Ahora bien, el Tribunal Supremo de Puerto Rico ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra.* Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra.* Véase, además, *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994). Es norma conocida que un tribunal no deberá dictar sentencia sumaria cuando existen elementos subjetivos de intención, negligencia propósitos mentales o cuando el factor de credibilidad es esencial. *Carpets & Rugs v. Tropical Reps*, 175 DPR

615, 638 (2009); *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998); *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301-302 (1994).

Finalmente, hay que señalar que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rivera Matos et al. v. ELA*, 204 DPR 1010, 1025 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho de aplicó de forma correcta. *González Meléndez v. Municipio de San Juan, supra*. Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. Íd.

C.

Nuestro Tribunal Supremo ha establecido que, los tribunales apelativos no interferirán con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Cruz Flores et al. v. Hosp. Ryder et al., supra*. Por lo cual, se requiere que nuestra intervención en esta etapa evite

un perjuicio sustancial. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.*

En lo pertinente, nuestro máximo Foro ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Véase, además, *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Conforme a lo anterior, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. Íd. Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Asimismo, se ha señalado que un tribunal abusa de su discreción:

> cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra.*

### III.

En lo que respecta al primer señalamiento de error, el Municipio planteó que el foro de instancia erró y abusó de su discreción al determinar sumariamente la existencia de negligencia por parte de los empleados del Municipio.

Al examinar cautelosamente el trámite procesal del caso, específicamente, la *Resolución* recurrida encontramos que incidió el foro primario al adjudicar sumariamente la alegada negligencia de los empleados del Municipio sin ventilar el asunto en una vista en

los méritos. De las alegaciones de las partes, así como del examen de la Transcripción de la Deposición surge la presencia de elementos subjetivos que impedían la adjudicación sumaria e interlocutoria del elemento de la negligencia. Existe controversia de hechos sobre la existencia o no de actos y/u omisiones de un tercero ajeno; sobre la ausencia de actuaciones y/u omisiones de los empleados del Municipio; sobre la alegación del Municipio de que al momento de los hechos no había en el lugar personal alguno de la parte peticionaria y sobre si ocurrió o no una causa interventora por la cual no responde el Municipio.

Toda vez que nuestra intervención en esta etapa evita un perjuicio sustancial en la adjudicación final del caso, expedimos el auto de *certiorari* y revocamos aquellos extremos de la Resolución interlocutoria recurrida en los que el foro primario hizo una determinación sumaria de negligencia de los empleados del Municipio y de responsabilidad vicaria de la parte peticionaria, sin emitir una sentencia parcial sobre dichos extremos. Concluimos que las alegaciones de negligencia de los recurridos no son susceptibles de adjudicación sumaria en esta etapa de los procedimientos y que procede la celebración de vista en los méritos en la que desfile prueba y se adjudique credibilidad sobre dicho asunto. Si bien, estamos ante una resolución interlocutoria y no ante una sentencia parcial es doctrina reiterada que el mecanismo de adjudicación sumaria no es utilizable cuando existen controversias sobre hechos materiales sobre elementos subjetivos de intención, propósitos mentales o **negligencia**. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra.* Véase, además, *Velázquez Ortiz v. Mun. de Humacao,* 197 DPR 656 (2017); *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010); *Soto v. Hotel Caribe Hilton,* 137 DPR 294 (1994).

En su segundo señalamiento de error, el Municipio sostiene que incidió el foro primario al denegar su solicitud desestimación de la Demanda toda vez que hay ausencia de acción u omisión negligente por parte de empleado alguno, por existir una causa interventora y por contar con un relevo de responsabilidad.

En lo pertinente a aquellos extremos de la Resolución recurrida en los que el TPI deniega al Municipio su solicitud de desestimación sumaria de la Demanda presentada en su contra por los recurridos, expedimos el auto y confirmamos dichos extremos del dictamen interlocutorio recurrido. Es preciso destacar que no procede la desestimación sumaria de la Demanda toda vez que la determinación sobre la existencia o no de negligencia y de una causa interventora no es susceptible de adjudicación sumaria en esta etapa de los procedimientos. Así las cosas, concluimos que no abusó de su discreción el foro primario al declarar No Ha Lugar la *Solicitud de Sentencia Sumaria Desestimatoria.* presentada por el Municipio-

Aclaramos que, **si bien expedimos el auto de *certiorari*, nuestros pronunciamientos no adjudican los méritos del caso ante la consideración del foro primario, sino que resolvemos que el mismo no era susceptible de adjudicación sumaria interlocutoria**. Como corolario de lo anterior, procede la expedición del auto de *certiorari* y la revocación de la *Resolución* recurrida, únicamente a los fines de celebrar vista evidenciaria para la determinación de negligencia por no ser susceptible de adjudicación sumaria en esta etapa.  En cuanto a la denegatoria a la solicitud de desestimación sumaria de la Demanda presentada por el Municipio, procede confirmar el dictamen recurrido

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, expedimos el auto de

certiorari y modificamos la Resolución recurrida a los únicos efectos de revocar aquellos extremos en los que el TPI determina sumariamente la existencia de negligencia por parte del Municipio. Así modificada, se confirma la Resolución recurrida en cuanto a la denegatoria a la solicitud desestimación sumaria de la demanda. Se devuelve el caso al foro primario para la celebración de vista en los méritos sobre los asuntos objeto de esta Sentencia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones